## POLLY GIBSON *et a. executors of* JOHN GIBSON *vs.* Z. STEARNS.

More than legal interest reserved or received, through a mistake in calculation, creates no forfeiture.

A deduction of the amount forfeited, under the statute of usury, can be made only in a suit brought to recover the money, on which the unlawful interest was reserved or secured, or interest on that money; and such money and interest are alone subject to the deduction.

When unlawful interest has been reserved or received for the forbearance of a sum of money, the debt remains liable to the deduction of the forfeiture, between the parties to the usury, notwithstanding the security may have been changed.

When the amount of the forfeiture exceeds the sum lawfully due, the usury may be pleaded in bar.

Such judgment is to be given on the whole record, as ought to be given, without regard to any imperfection or error in the prayer of judgment.

ASSUMPSIT upon a promissory note, dated March 16, 1820, for $113 24, payable to *J. Gibson*, or order, on demand with interest.

The defendant pleaded in bar, that on the 29th June, 1814, he gave one *Robert Gibson* his note of that date, for $200, payable to said *Robert*, or order, on demand with interest, which note was endorsed to the plaintiff's testator, *John Gibson*; that on the 10th January, 1818, he, the defendant, paid to the said *John Gibson* $200, which sum was indorsed on said note; that on the 16th March, 1820, there was due the sum of $47 95 and no more; and that on the said 16th March, 1820, it was corruptly agreed between the said defendant and the said *John Gibson*, that interest should be cast upon the said note, after the rate of twelve *per cent. per annum*; and that the defendant should give to the said *John Gibson* his note, payable to said *John*, or order, on demand with interest, for the sum, which should appear to be due on the said note given to *Robert Gibson*, as aforesaid, upon such calculation; that the said *John* affirmed, that upon such a calculation there was due upon the note, last mentioned, the sum of $113 24, to secure the payment of which sum, the note mentioned in the declaration was given, in which note, the defendant averred, that there was included $65 29 more than lawful interest.

The cause was tried here at October term, 1824, when it appeared in evidence, that the defendant on the 29th June, 1814, gave a note for $200, payable to *Robert Gibson*, or order, on demand with interest ; which note was duly indorsed to the plaintiff's testator, *John Gibson* ; that on the 10th January, 1818, the defendant paid to *John Gibson* $200, which was indorsed upon the said note ; that on the 16th March, 1820, the interest was cast upon the said note by the parties, and the balance found due, according to their calculation, was $113 24, for which the note mentioned in the declaration was given. This balance was produced on an agreement to cast interest at the rate of 12 *per cent.* on the first note.

A verdict was taken, by consent, for the defendant ; and it was agreed by the parties, that judgment should be rendered upon the verdict, or the verdict be set aside and a verdict entered for the plaintiff, according to the opinion of the court upon the foregoing case.

*E. Parker*, for the plaintiffs.

*Atherton*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

It must now be considered as settled, that a reservation of more than six *per cent. per annum*, upon a contract relating to past forbearance and giving day of payment of money, is not only within the words, but within the intent and meaning of our statute, entitled " an act to restrain the taking of unlaw- " ful interest." *Willie vs. Green*, 2 *N. H. Rep.* 333.

The questions, which remain to be settled, are, whether the material allegations of the plea in this case were substantially proved ; and, if proved, whether they amount to a sufficient answer to the action ?

The substance of the plea is, that on the 29th June, 1814, the defendant gave his note for $200, and interest ; that on the 10th January, 1818, he paid in part $200 ; and that on the 16th March, 1820, it was corruptly agreed, that interest should be cast upon the note, at the rate of twelve *per cent.*, and a new note be given for the balance found due, upon such a calculation ; and that *J. Gibson* affirmed, that there was

due, on such a calculation, $113 24 ; and that this note was given for that sum.

The case states, that the first note was given ; that the $200 were paid ; that an agreement to cast the interest at twelve *per cent.* was made ; that the amount due upon such a calculation was found to be, and the present note made, as stated in the plea. The substance of the plea seems to us to have been clearly proved.

It seems, that there was some mistake in the calculation of interest ; for the sum mentioned in this note amounts to more than would have been due upon the first note, casting the interest at twelve *per cent.* ; and whatever may have been included by mistake cannot be deemed usurious. But it appears upon calculation, that the amount due upon the first note, at the time the second note was given, casting the interest in the usual manner, at six *per cent.* was $47 95. And as the case finds, that it was agreed to cast the interest on the note at the rate of twelve *per cent.*, it is apparent, that, at least, the sum of $47 95 above lawful interest was designedly included in this note ; and that three times that sum amounts to much more than can be legally due on this note.

The remaining question to be considered is, whether the matter of this plea is a sufficient answer to the action, in the form in which it is pleaded ?

To settle this question it is necessary to examine the statute.

It is very apparent, from the language of the second section, that the statute extends only to cases, where persons are sued upon " any bond, contract, mortgage, or any assur- " ance given or made for the payment of any money, goods, " or personal estate."

It is also very clear, that the statute embraces only those cases, where the illegal interest has been reserved, or secured for the forbearance of " the money, or other per- " sonal estate, or thing," for which the suit is brought. It has never been held, that the action must be brought to recover the precise sum, on which the illegal interest was reserved or secured. But " the thing sued for" must, at least, have been a part of the money or thing, to

which the corrupt contract related. The better opinion is, that a mere substitution of another security for the one tainted with usury, between the parties to the corrupt agreement, does not take a case out of the statute. *Moor* 752.—*Croke James* 32.—*Yelv.* 47.—3 *D. & E.* 531.—8 *ditto* 390.—3 *Esp. cases* 23.—4 *ditto* 11.—9 *Mass. Rep.* 45.—10 *John.* 185.—1 *Camp.* 157.—*Ord* 103.—15 *Mass. Rep.* 96.

The amount of forfeiture, created by the statute, is " three " times the sum above the lawful interest taken, secured, " given, or received ;" and the amount forfeited is to be deducted from " the sum lawfully due," by or upon the contract, or other assurance tainted with the usury. Not only the money, on which the usury has been secured or taken, but the legal interest on that money is subject to the deduction.

In the case now under consideration, a portion of the illegal interest was received for the forbearance of $200, from the 29th June, 1814, to the 10th January, 1818, when the sum of $200 was received and endorsed upon the first note. This sum thus received is to be considered as applied in the first place to the discharge of the interest agreed to be paid, and in the next place to the discharge of the principal, of the first note. The present note is to be considered as given for the balance of the principal of the first note remaining due after the application of the $200, as above stated, and the interest agreed to be paid on that balance. We think, that the $200, indorsed upon the first note, is to be considered as thus applied ; because it is customary to apply sums indorsed upon notes generally, without any particular appropriation, in the first place to the discharge of the interest. Part of the illegal interest in this case then was paid in the year 1818, and the residue is reserved and secured in the note, on which this action is founded.

It is very apparent, that the money " sued for" in this action is composed, in the first place, of the balance remaining unpaid of the sum mentioned in the first note, and on which the illegal interest was received, and of the illegal interest reserved in the last note on that balance ; and that whatever is legally due in this case is composed of a portion of the principal, on which the illegal interest was received

or reserved, and of interest on that portion. We are there-fore clearly of opinion, that the case is within the intent of the statute, and that whatever is legally due on this note is subject to a deduction of three times the amount of what was received and of what was reserved, above six *per cent.* as stated in the plea.

But is this matter a good bar to the action ? It is very clear, that three times the amount of the illegal interest, which has been received and reserved in this case, much exceeds the sum that will remain due on the note, after the illegal interest is deducted. The whole amount due then may be considered as forfeited to the defendant. The plain-tiff is entitled to recover nothing, if the defendant chooses to insist upon the forfeiture. We see no good reason, why the matter of this plea should not be considered as a good bar. It was always held, that where a debt was forfeited by the outlawry of the creditor, if he brought an action to recover the debt, the outlawry might be pleaded in bar. *Lawes' Plead. in Assumpsit* 685. That case cannot, in our opinion, be distinguished from the present. For the whole debt is in this instance forfeited as entirely, as it could be in a case of outlawry.

There is another view of this case, which leads to the same result. We are now considering the case after a verdict ; and we understand it to be clearly settled, that the court may and ought, *ex-officio,* to give such judgment on the whole record, as ought to be given, without regard to any imperfec-tion in the prayer of judgment. Thus in *Le Bret vs. Papillon,* (4 *East* 502,) the defendant pleaded in bar of the action, that the plaintiff was an inhabitant of France, between which country and England war existed. The plaintiff replied, that at the time the action was commenced, peace existed between England and France. To this there was a demurrer. The court held, that the plea was bad, because the matter of it ought to have been pleaded in bar of the further main-tenance of the action, and not in bar generally ; but as it appeared upon the whole, that the plaintiff was an alien ene-my, the court gave judgment, that the plaintiff be barred from further maintaining his action. The same principle is

Gibson
*vs.*
Stearns.

distinctly recognized in *Fraunces' case,* (8 *Coke* 177.—2 *Strange* 1055.—2 *B. & P.* 420, *Powell vs. Fullerton.*—1 *Chitt. Plead.* 445.)

In the case before us the usury is found by the jury, as alleged in the plea, and we entertain no doubt that, if it were necessary, we have the power, and that it would be our duty, to deduct three times the amount of the unlawful interest from the sum legally due, and to give judgment accordingly, in the same manner we might have done, had the defendant, instead of demanding judgment if the action should be maintained, prayed that such a deduction might be made.

We are therefore of opinion, that the defendant is entitled to

*Judgment on the verdict.*