## Ebenezer Kimball *versus* John Abbott.

Where an action was brought upon a note of hand, given to secure a sum of money, which had been reserved over and above lawful interest upon a loan, it was held that a plea of usury, which the defendant offered to verify by his own oath, was a good answer to the action.

Assumpsit on a note for $41, dated April 28, 1829, made by the defendant, and payable to the plaintiff.

The defendant alleged in his plea, that on the 7th January, 1826, he was justly indebted to the plaintiff in the sum of $210,47 ; and that the note abovementioned was given to the plaintiff to secure the payment of $41, corruptly reserved by the plaintiff, over and above lawful interest, for giving day of payment of the said sum of $210,47, from the said 7th January, 1826, to the said 8th April, 1829, and he offered to verify his plea by his own oath.

To this plea there was a demurrer, and joinder in demurrer.

*Phelps* and *Bell*, for the plaintiff.

*Bradley*, for the defendant.

Richardson, C. J. The statute against usury in substance provides, that when any person is sued upon any

Kimball
*v.*
Abbott.

contract or assurance made for the payment of money or other personal estate, whereon, or whereby unlawful interest has been taken or reserved, if the debtor will offer to make oath, and if required, actually swear, that there is secured by such contract or assurance, more than lawful interest for the forbearance of the same, or that the creditor has taken more than lawful interest for the money, or other thing, for which the suit is brought, then the court shall deduct from the sum lawfully due upon such contract, or assurance, three times the amount of the unlawful interest ; unless the creditor will swear that he has not received, and that there has not been secured, directly nor indirectly, more than lawful interest for giving day of payment of the money or other thing demanded.

It is settled, that nothing is subject to a deduction on account of usury, under the statute, except the money, or other thing, for which the suit is brought, and for the forbearance of which the illegal interest has been reserved or taken.  *Gibson* v. *Stearns*, 3 N. H. Rep. 185.

Nothing is, in express terms, said in the statute, as to what is to be done with the unlawful interest reserved in the instrument, on which the suit is founded.   But the practice is always to reject it as illegal.   It is never recovered.   The sum justly due is ascertained by rejecting all the unlawful interest, and then from that sum three times the amount of the unlawful interest is deducted, and judgment rendered for the balance, if any thing remain.

And although three times the amount of the unlawful interest exceeds the sum lawfully due, the case is still held to be within the statute ; and in that case the usury may be pleaded in bar.  3 N. H. Rep. 185.

The words of the statute seem only to authorise a deduction, in cases where the debtor's oath is tendered in support of the plea.  And yet it is settled, that the deduction may be made in cases where the usury is plead-

ed in bar in the common mode, and the facts admitted by a demurrer, or found by a jury.

The question now is, whether, when the demand sued is all unlawful interest, and the defendant pleads the usury, he may, under the statute, tender his oath in support of his plea ? It seems to us that if we adhere to the decisions which have already been made, this plea must be sustained. For in every case where illegal interest is included in the same note with the principal, and the usury is pleaded in the manner prescribed by the statute, we hold the plea not only to be a bar to the recovery of the illegal interest, but to entitle the defendant to a deduction of three times the amount of the unlawful interest, from the principal. If a plea which has such an operation may conclude with a tender of the oath of the defendant, it is difficult to imagine a reason why a plea, which is only a bar to the recovery of the unlawful interest, may not be so concluded.

We are of opinion, that this plea is a good answer to the action.