ROSA <i>vs.</i> BROTHERSON.

Where a creditor receives the transfer of a negotiable note in payment of a *precedent debt,* he takes it, although transferred to him before maturity, *subject to all equities* existing between the original parties.

THIS was an action of *assumpsit,* tried at the Schenectady circuit in February, 1831, before the Hon. JAMES VANDERPOEL, one of the circuit judges.

The action was against the maker of a promissory note, transferred by the *payee* to the plaintiff before maturity, in payment of a *precedent debt.* On the trial, the defendant set up a defence, as against the payee. The plaintiff received the note in good faith, and without notice of any existing defence. The judge charged the jury that it was immaterial whether the note was negotiated in payment of a *precedent debt* or for a *valuable consideration* paid at the time of the transfer ; that unless it was shewn that the plaintiff at the time of receiving the note had notice of the circumstances in relation to it, there must be a verdict against the defendant. The jury found for

the plaintiff. The defendant on a case made asks for a new trial.

*L. H. Palmer*, for the defendant.

*A. C. Paige*, for the plaintiff.

*By the Court*, SAVAGE, Ch. J. The judge charged the jury that it was immaterial whether the note was negotiated in payment of a precedent debt, or for a valuable consideration paid at the time. This is certainly not the law as settled by the court for the correction of errors in the case of *Coddington* v. *Bay*, 20 *Johns. R.* 637. Mr. Justice Woodworth states the rule to be this : that where negotiable paper is tranferred for a *valuable consideration* and without notice of any fraud, the right of the holder shall prevail against the true owner ; but that *valuable consideration* which shall produce this effect is not merely such a consideration as is good between the party transferring and the party receiving such paper ; the holder must have incurred loss by giving credit to the paper, and have paid a fair equivalent ; he must have made advances or incurred responsibilities upon the credit of the paper. If the holder has done neither, but has taken it for a previous claim, his condition is improved, if he recovers, but he loses nothing if he fails ; his equity is not superior to the owner. Ch. J. Spencer remarks, that all the cases cited were those where notes or bills were taken in the usual course of trade, and for *a present consideration paid ;* not where they were received in security of an antecedent debt. The holder, to recover, must have paid a valuable consideration by giving money or money and goods for them in the usual course of trade. It follows from the principle of this case, that the holder of a note negotiable on its face, who receives it in payment of a precedent debt or responsibility incurred, takes it subject to all the equities existing between the original parties. In the language of the commercial law, he has not *paid value* for it, and therefore is in no better situation than the payee. Since the case of *Coddington* v. *Bay* this principle has not been departed from. The plaintiff in this case gave no value for the note.

He loses nothing if the defendant succeeds in his defence. He gave nothing for the note, advanced nothing, nor incurred any responsibility upon its credit. He has no equity superior to that of the maker, and in such case "the law leaves him in possession who already has it."

New trial granted; costs to abide the event.