The following opinions were delivered
By the Chancellor.
The first objection on (he part of the plaintiff in error is, that it was erroneous for the plaintiff in the court below to go to trial upon the issue of fact, pending the issue in law upon the special plea to the first' count, without awarding a venire tarn quam. This, at most, was mere matter of form, which would have been amended of course, if the question had become material, in the court below; but as the verdict was for the defendant on the first count, no contingent damages could be assessed. Where a declaration contains two counts for the same cause of action, and the defendant pleads the general issue, or other plea which is applicable to both counts, and there is also a special plea in bar to the first count, if the plaintiff on the trial proves but one cause of action, which is covered by the first count and the special plea in bar to the same, he cannot abandon the first count and go upon the second, which is not covered by the special plea, so as to avoid the effect of that plea. 1 Chitty’s Pl., 6 Am. ed. 447. In this case, if the defendant wished to avail himself of that rule of law, he should have made the objection at the trial; and if it was overruled, he should #have put it in the form of an exception, so that the decision might have been reviewed in the usual manner. The objection, therefore, which was raised by the fourth point presented on the argument of this case, not being made at the circuit or in the supreme court, cannot now be made available to the plaintiff in error for the purpose of reversing this judgment.
*508 In the case of Bridge v. Johnson, 5 Wendell, 346, I had occasion to examine the effect of the decision of this court in Wheeler v. Raymond, 9 Cowen, 295; and the conclusion at which I then arrived was, that by the law, as settled by that decision, a set off of a demand against the former holder of a note, who was neither the plaintiff on the record or the person for whose benefit the suit was brought, could not be allowed. The law on this subject as to all future cases is now settled by the revised statutes; and believing that we are bound by the former decision of this court as to cases which occurred previous to 1830, I. cannot consider myself authorized to vote for the reversal of a judgment in opposition to that decision. The maxim, Stare decisis, et non quieta movere, is to a certain extent applicable to the decisions of all courts, particularly of the higher courts of law and equity. But in this court especially, where nearly one fourth of its members are annually changed, and by popular elections, the maxim that it is best to adhere to our decisions, and not to disturb questions which have once been put at rest here, should be permitted to have its full effect. In conformity with this principle, and in accordance with the decision of this court in Wheeler v. Raymond, I think we ought to declare that the defendant in the court below was not authorized to set off a demand against Draper, the original holder of the note, unless the suit was brought in the name of the plaintiff below for the benefit of Draper.
The judge who delivered the opinion of the supreme court in this case, considered himself bound by the former decisions of that court, that a set-off could only be made where the demand which was sought to be set off existed against the party to the record in whose name the suit was brought. If such was the law, he very properly concluded that the error of the *eircuit judge in refusing to compel the attorney of the plaintiff to give evidence of a collateral fact, as to his knowledge of the possession of the note by Draper after it became due, could not prejudice the defendant. But I have before had occasion to express my opinion in this court, that the defendant had a right to set off a demand against the real plaintiff for whose benefit the suit was brought, although he was not the nominal plaintiff on record. I am strongly inclined to the opinion, even from the testimony of Draper himself, that the defendant in the court below would have satisfied the jury that this was a case of that kind, had he not been precluded from doing so by the erroneous decisions of the judge at the circuit. By rejecting the testimony of Roberts, the attorney, he compelled the defendant to call Draper, (who was deeply interested in the carrying on the suit against him,) for the purpose of establishing the fact that the note was in Draper’s hands after it became due, and at the time it was left for collection. By this means, he was compelled to call a witness whose interest would have precluded him from being examined as a witness for the plaintiff; and he was of course prevented from discrediting the witness before the jury. Besides, the decision of the judge that there could be no set-off except as against the party to the record, precluded the defendant from going to the jury upon the question whether Draper was not the real party who was prosecuting the suit for his own benefit. In this view of the case, I think justice to the defendant in the court below requires that this judgment should be reversed, and a venire de novo awarded.
By Senator Beardsley. The facts disclosed in the record in this cause show most conclusively to my mind that the judgment of the supreme court ought to be reversed.
It appears to me that there never was in fact such a transfer of the note as vested the ownership absolutely in the plaintiff. Virgil Draper, the payee of the note, testified that he transferred it to the plaintiff to apply on a bond and *510 mortgage when collected. Draper, not the plaintiff, left it with the attorney for collection, and subpoenaed the witnesses. The plaintiff took no part and gave no directions in the prosecution of *the suit. It was in fact nothing more than a pledge of the note by Draper to the plaintiff, the avails to be applied on the bond and mortgage when collected; and if not collected, Draper to remain liable on his bond for the amount, and to be responsible for the costs of prosecution. In other words, it was probably a device of Draper to avoid the set-off of Driggs, and to shelter himself under the doctrine of the supreme court in relation to set-offs.
The transfer could not have been regarded by the court in the light of a bona fide transaction, because that court has recently decided, in Rosa v. Brotherson, 10 Wendell, 85, that an actual transfer of a note before it is due and in actual payment of a pre-existing debt, is not such a bona fide transfer as will protect the holder against the equities of the maker of the note. I do not refer to this decision as assenting to its correctness,.as I am by no means prepared to affirm that a transfer of negotiable paper before it is due, in payment and discharge of a pre-existing debt (not a pledge for a debt) is not as bona fide a transaction as a transfer for money or goods; and I shall not be surprised if that question is brought before this court for review at some future period. But that is not to the present question. My object in referring to it is to show that the ' supreme court did not regard the bonafides of the case, but intended to decide it on the simple ground that as the set-off was not against the plaintiff to the record, it was not available. In fact this expressly appears from the decision of the circuit judge and the opinion of Justice Marcy in the cause ; and this suit shows what gross injustice could be practiced under that construction of the statute.
This judgment may be reversed under the view taken by Mr. Senator Stebbins of the statute, in Wheeler v. Raymond, 9 Cowen, 295. The supreme court had decided that a set-off could only be allowed where it was against the plaintiff on the record. Senator Stebbins dissented from that doctrine, and held that it might also be maintained against the party in interest, which, according to my view, is the present case.
I am by no means certain but what the facts relied on by the defendant below amounted to a payment of the note, and *might have been available under the general issue as a perfect defence ; but I do not intend to rest my opinion on that ground. I choose to give my vote for reversing the judgment, on the express ground that the set-off would have been allowed, even if it had been proved that there was an actual transfer of the note, (I mean a transfer after it was due ;) and I would go further in upholding set-offs, and thus avoiding circuity and multiplicity of actions, than the rule laid down by Senator Stebbins. In the case of a promissory note, transferred after due and thus dishonored on its face, and where, according to well settled and indisputable authorities, it is taken wholly on the credit, of the assignor, I would not only allow a set-off against the party to the record wad the party in interest, but against every party through whose hands it has thus passed. But it is not necessary, for the decision of the present cause to go to that extent.
In the case of Bridge v. Johnson, 5 Wendell, 351, the authorities were re viewed, and a general view taken of the statute of set-offs. In that case I think it was successfully shown that the cause of Wheeler v. Raymond did not settle this question ; and, to my mind, it was very conclusively shown that the opinion of Mr. Justice Woodworth, sanctioned by the supreme court, was a novel exposition of the statute, altogether at variance with the former decisions of the same court; that it was a perfect surprise to the great body of the profes *512 sion; subverted the equity of the statute; impaired its usefulness; made it in a great measure a. dead letter ; tended to increase litigation instead of preventing it, as was the object of the statute ; opened the door to atrocious frauds ; and led to an immediate enactment by the legislature to bring back the law to what it was before. Subsequent reflection and a review of the opinions in that cause, and I might add what I believe to be the general impression of the legal profession, have strengthened my convictions that the opinion of the supreme court cannot be sustained upon principle, authority or expediency.
I will not detain the court with a reiteration of the arguments, or a review of the authorities, as they have been so recently and so particularly reviewed in Bridge v. Johnson, but *will give my vote for reversing the judgment, and refer to that case for the reasons and authorities governing my decision.
On the question being put, Shall this decree he reversed ? the members of the court voted as follows :
In the affirmative—The Chancellor, and Senators Beardsley, Conklin, Cropsey, Edwards, Gere, Griffin, Hubbard, Lansing, Lynde, Macdonald, Quacicenboss, Sherman, Stower, Tracy, Van Schaick, Westcott—17.
In the negative—Senators Armstrong, Deitz, Dodge—3.
Whereupon the judgment of the supreme court was reversed.