HENRY HOMES & al. vs. WILLIAM SMYTH.

In an action on a promissory note against the maker by an indorsee, to whom it was indorsed before it became payable, and without any notice of a defence, *in payment of a pre-existing debt*, want of consideration, or the failure of it, cannot be given in evidence in defence.

THE action was by the plaintiffs, as indorsees of a note, dated *May* 4, 1835, signed by the defendant, payable in one year, to *E. & S. Smith*, or order, and indorsed in blank by them, and by *Levi Cram*, and by *Cram, Dutton & Co.*  The note was negotiated to the plaintiffs by *Levi Cram*, eight or ten months before it became payable, without any knowledge by the plaintiffs of the consideration on which it was given, "in payment of a debt long before that time due from said *Cram* to the plaintiffs." It appeared in evidence, the plaintiffs objecting to the admission thereof, that the note in suit was taken by *Cram* in part payment of the consideration mentioned in a deed of warranty from *Cram* to the defendant, dated the same day of the note, conveying to him a tract of land. Before this conveyance was made, *Cram* had mortgaged the same land to one *Lewis* to secure the payment of notes to him to an amount exceeding one half the consideration of the deed from *Cram* to the defendant, and before the trial the defendant had paid *Lewis* towards removing the incumbrance an amount exceeding the note in suit.

At the trial, SHEPLEY J. directed the jury to return a verdict for the plaintiffs. The verdict for the plaintiffs was to be set aside, if the action could not be maintained upon such testimony as was properly admissible.

*Rogers* and *J. Appleton*, for the defendant, contended, that the same defence might be made to the note, as if it had still remained in the hands of the payee. To preclude such defence, the indorsee must take the note in the usual course of trade, and must pay money, or part with value for it at the time it is received. When a creditor receives a negotiable note in payment of a precedent debt, he takes it subject to all the equities between the original parties, and not as a bona fide purchaser for value. 20 *Johns. R.* 637; 9 *Wend.* 170; 10 *ib.* 85, as directly in point; 12 *Wend.* 246; 13 *ib.* 570; *ib.* 605. The testimony objected to was ad-

missible, and furnished a good defence to the note. A total failure of title to the land, which was the consideration of the note, may be given in evidence to defeat an action for the consideration money; and so may a partial failure *pro tanto*. *Rice* v. *Goddard*, 14 *Pick.* 293; *Dickinson* v. *Hall*, 14 *Pick.* 217; 11 *Conn. R.* 432. And where the note is indorsed, this defence may be given in evidence without filing in set-off. *Peabody* v. *Peters*, 5 *Pick.* 1.

*M. L. Appleton*, for the plaintiffs, contended, that the note was taken in the regular course of business, in the actual discharge and payment of a debt, and the plaintiffs are as much holders for value, as if they had loaned money or sold goods to the amount. If there was a defence against the note in the hands of the payee, there can be none when indorsed, as this was. *Bailey on Bills*, 439; *Tucker* v. *Smith*, 4 *Greenl.* 415. Even in *New-York*, where a note is received in payment of a note paid and cancelled thereby, it is held for value. 20 *Johns. R.* 637, cited for the defendants. In *New-York*, the receiving of another note for a pre-existing debt is not a payment of it, and the original security remains and may be enforced. 2 *Johns. Cases*, 71, 438; 5 *Johns. R.* 68. But even there they seem inclined to abandon the doctrine. 16 *Wend.* 659. But the cases cited for the defendants, have no application here, because by our law, the reception of the note by the plaintiffs was a full and complete discharge and payment of their precedent debt. The evidence objected to was inadmissible, not only because the plaintiffs were indorsees for value before the note fell due, but because if the suit had been between the original parties, still no defence would have been furnished by it. *Lloyd* v. *Jewell*, 1 *Greenl.* 352; *Howard* v. *Witham*, 2 *Greenl.* 390; *Knapp* v. *Lee*, 3 *Pick.* 452. The case cited for the defendant from 14 *Pick. Rice* v. *Goddard*, is full against them, that a partial failure of title gives no defence. Here the land passed by the deed, and there was merely an incumbrance upon it. The only remedy was on the covenants of the deed. *Smith* v. *Sinclair*, 15 *Mass. R.* 171.

The opinion of the Court was by

SHEPLEY J.—These notes were transferred to the plaintiffs before maturity, and without any notice of a defence, in payment of

a pre-existing debt, due to them from the second indorser.    And
the question is, whether the same defence may be made, as if they
were in the hands of the promisee.    If the plaintiffs are holders for
a valuable consideration, paid in the usual course of trade, they are
entitled to recover.    What is to be regarded as such a considera-
tion, has been frequently discussed; and *Eyre C. J.* in the case of
*Collins* v. *Martin*, 1 *B. & P.* 648, states the rule, "if it can be
proved, that the holder gave no value for the bill, then indeed he
is in privity with the first holder, and affected by all that will affect
him."    In the case of *Coddington* v. *Bay*, 20 *Johns. R.* 637,
*Woodworth J.* says, " the reason of such a rule would seem to be,
that the innocent holder, having incurred loss by giving credit to
the paper, and having paid a fair equivalent, is entitled to protec-
tion."    And that in every case, " it appeared that the holder gave
credit to the paper, received it in the way of business, and gave
money or property in exchange."    And that the true question is,
" have they paid value for the notes, or made any new engage-
ments, as the consideration of the transfer."    *Spencer C. J.* in the
same case, says, the principle is, that when the holder has given
credit to the appearances of ownership of the person in possession,
and " has been induced to part with his money or property, *bona
fide*, and that, as between him and the real owner, there must be
loss on one side or the other, the law will not divest him of fruits
he has honestly acquired, without the possibility of remuneration.
In other words, the equities of the parties being equal, the law
leaves him in possession, who already has it."    These extracts are
made, for the purpose of exhibiting the principle upon which the
*New-York* cases are based.    And this is done, because, as the
law is received in this and some of the other states, in relation to
the effect of negotiable paper, taken for a pre-existing debt, there
will be found expressions in the *New-York* cases apparently con-
tradicting the principles set forth in them.    While those expres-
sions may not be liable to any just objection there, they would be
likely to lead one into error, who does not take into consideration
the difference in effect, in that state and this, of negotiable paper
taken for a pre-existing debt.    In the case of *Rosa* v. *Brotherson*,
10 *Wend.* 85, relied upon in the defence, in the statement of the
case, it is said, " the action is against the maker of a promissory

note, transferred by the payee to the plaintiff, *in payment* of a precedent debt," and in good faith and without notice.    And *Savage C. J.* says, he must have made advances, or incurred responsibilities upon the credit of the paper.    If the holder has done neither, but has taken it for a previous claim, his condition is improved, if he recovers, but he loses nothing, if he fails ; his equity is not superior to the owner."    And *Spencer C. J.* says, in *Coddington* v. *Bay,* he must " take them in his business, and as payment of a debt contracted at the time."    The English doctrine was, that a bill of exchange or negotiable note, whether of the debtor or of a third person, taken for a pre-existing debt, was not payment.    *Ward* v. *Evans,* 2 *Ld. Raym.* 928.    And this appears to be the law there still, with the qualification introduced by the *statute* of 3 and 4 *Anne, c. 9, sec.* 7, which provides, that it shall be payment, if the holder does not take due course to obtain payment of the bill so received.    In *New-York,* a bill or note so taken is not payment, *Tobey* v. *Barber,* 5 *Johns. R.* 68 ; *Johnson* v. *Weed,* 9 *Johns. R.* 309, unless expressly agreed to be received in payment.    *New-York State Bank* v. *Fletcher,* 5 *Wend.* 85.    The law of this, and of some of the other states, is known to be different, and negotiable paper, received for a pre-existing debt, *is* payment of *it,* unless the contrary be made to appear.    While, therefore, in *New-York,* the taking of such paper, if not collected, would occasion no loss, in this state, it would cause the loss of the whole debt. They are deciding in accordance with the principles admitted in all the cases, when they hold, that in the hands of an indorsee, who takes it for a pre-existing debt, the same defence may be made as between the original parties.    While, to adopt the same rule here, in the state of our law, would be to violate those principles. A note so taken there, is, in effect, taken, not in payment, but as collateral security only ; and if so taken here, our decisions would accord with theirs.    In the state of our law, to yield to their rule, would not only violate principle, but would throw the loss upon the party in possession for value innocently paid, instead of upon the party, who has not an equal but a less equity, having parted with his paper in a manner to enable another to use it to their injury and loss, unless they are entitled to recover.    Upon principle

and upon authority, as our law is, the equity is with the plaintiffs, and they are entitled to recover.

It is not necessary to decide, whether as between the original parties, the defence would be good.   Whenever there may be a re-examination of the question, it will be found, that the tendency of the later decisions has been to allow a total failure or want of consideration to be a good defence, especially where the contract was for land and there has been an eviction.   And in some of the states a partial failure is allowed to be a good defence *pro tanto,* while there are very strong authorities against it.   But the more carefully the English and American cases are examined, the more clearly will one perceive the truth of the remark of *Kent,* that " the cases are in opposition to each other and they leave the question how far and to what extent a failure of title be a good defence, as between the original parties, to an action for the consideration money, on a contract of sale, in a state of painful uncertainty."   4 *Kent,* 473.   In this case, there has been but a partial failure in consequence of an incumbrance, and no eviction.

*Judgment on the verdict.*

