## WILLIAMS *vs.* LITTLE.

Where the plaintiff seeks to have a plea of usury rejected, because he is a *bona fide* indorsee for a good consideration, before the note was due, without notice of the usury; it is not necessary to set the facts forth in a replication.

Where a negotiable note is indorsed *bona fide*, before it is due, in payment of a precedent debt, without notice of any defence existing against it; the transfer is as valid, perfect and effectual, as if it had been received in payment for goods sold, or in the course of any other commercial dealing.

But where a note is indorsed and transferred in pledge merely, as a collateral security, the general property remaining in the indorser; the indorsee takes it like a chose in action not negotiable, subject to any defence that might be made to it in the hands of the indorser, arising prior to the time when notice is given of the indorsement.

A deduction of three times the amount of usury taken can be made only from the money which formed the subject matter of the corrupt agreement, or the interest on that money, and not from any other debt; and it must appear from the plea that the deduction prayed for may be thus made.

ASSUMPSIT upon two promissory notes, for $1765·60 each, dated February 5, 1834, payable by George Little, the defendant, to Moses P. Little, or order, one in six, and the other in twelve, months from date, and by him indorsed to the plaintiff.

The defendant filed a plea, setting forth that on the 5th of February, 1834, he was indebted to Moses P. Little, the payee, who is still in full life, and of sound mind, in the sum of $2255·69, and no more—that it was then corruptly agreed between M. P. Little and himself, that for the forbearing and giving day of payment of said sum, the defendant should pay M. P. Little $1000 over and above the lawful interest upon said sum of $2255·69—and that on the same day, in pursuance of said agreement, he executed and delivered to M. P. Little the notes described in the plaintiff's declaration, and included therein said sum of $1000—all of which he offered to verify by his own oath, in pursuance of the statute. Wherefore he prayed a deduction of $3000—being three times the amount of the illegal interest so taken and secured.

The plaintiff filed a replication, alleging that no deduction ought to be made, because he said that the note described in the second count in the declaration was delivered to him by M. P. Little, for a valuable consideration, and that he received the same in good faith, and without notice that it had been given for any usury, long before it was due, to wit., December 5th, 1834, which he offered to verify by his oath.

In support of the replication, the plaintiff filed an affidavit, setting forth that on the 5th of December, 1834, he lent M. P. Little $2500, for which he took his note, of that date; and, to secure the same, likewise took of him the two notes of the defendant, which are the subject of this action; and that at the time he received them, and until the commencement of this suit, he had no notice that the notes, or either of them, were given, in any part, for usury, or other unlawful consideration.

*Bell & Livermore*, for the plaintiff, contended that the affidavit stated enough to show that the defendant was not entitled to set up the defence of usury, to these notes, in the hands of the plaintiff; 6 *N. H. Rep.* 517, *Olcott* vs. *Alden*—that the plea was inconsistent in itself, in stating the sums—that it did not state that the money forborne was included in the notes sued—and that the replication, being an answer as to one of the notes, showing that it was indorsed before it was due without notice, avoided the whole plea. 1 *Lev.* 48; 1 *Chitty's Pl.* 523; 2 *Mass. R.* 81, *Perkins* vs. *Burbank.*

*Bellows*, for the defendant, argued, that to exclude equities the notes must have been transferred in the usual course of commercial business. When a party takes a note in payment of a precedent debt, he must take it subject to all defences. 10 *Wend. R.* 85, *Rosa* vs. *Brotherson*; 6 *Pick. R.* 259, *Thompson* vs. *Hale.* Although these notes were not

taken for a precedent debt, the principle is the same. They were not transferred in the usual course of commercial business. If they had been sold at the time, the defence would have been let in. And, moreover, one of them was dishonored at the time, and that was notice.

*Bell*, in reply, insisted that as the notes were taken on a loan of money, the security being part of the transaction, they were not taken out of the course of commercial business ; and that the authorities cited, therefore, did not apply. Also, that one note was taken before it was due, and that the plaintiff had the right to recover that, if not both.

PARKER, C. J.   It is contended that the replication of the plaintiff, in this case, avoids the matter of the plea in part ; that is, in its relation to the note described in the second count ; and that the plea being entire, and a general answer to the declaration, the operation of the replication, by avoiding the plea in part, is to avoid it entirely.   Without stopping to enquire whether the principle upon which this objection is based is not confined to cases where the plea is insufficient in law, as an answer to some of the counts, and not applicable to cases where the plaintiff, by his replication, avoids the plea, as to one or more of the counts, but not as to all, (*Colby* vs. *Everett*, 10 *N. H. Rep.* 431, *and auth. cited,*) it is sufficient in this case to say, that technical rules of special pleading, although they may apply to some extent in cases of this character, do not govern, very strictly, pleas of usury under our statute.   3 *N. H. Rep.* 117, *Copeland* vs. *Jones.*   In fact, no replication is necessary where the plaintiff seeks to have the plea rejected because he is a *bona fide* indorsee for a good consideration, before the note was due, without notice of any usury.   The court will reject the plea, upon the affidavit of the indorsee, stating these facts.   3 *N. H. Rep.* 119, *Forbes* vs. *Marsh.* It may, however, be convenient to file a replication, and no objection is perceived to the course adopted in this case.

The replication, standing by itself, surrenders the first note to the operation of the plea. Had the affidavit been filed without a replication, the plaintiff would not, by his affidavit, have brought his case within the rule, so far as that note is concerned. It is not averred in the replication, or in the affidavit accompanying it, that that note was negotiated to the plaintiff before it was due.

In relation to the note described in the second count, the replication alleges that it was indorsed and delivered to the plaintiff, by the payee, for a valuable consideration, and that he received it in good faith, and without notice that it had been given for any usury, long before it was due, to wit., December 5th, 1834. If the affidavit had shown that this was upon an absolute transfer, by which the note became the property of the plaintiff, it would have avoided the effect of the plea upon that note. But the affidavit states, that on the 5th of December, 1834, the plaintiff lent M. P. Little a certain sum, and took his note therefor, with these two notes of the defendant as security; and the question arises whether the transfer of this note, as a collateral security only, can prevent the defendant from availing himself of the defence of usury, in the same manner he might have done if the note had not been indorsed.

It has been contended that a note indorsed before it is due, in consideration of the discharge of a precedent debt, is subject to all equities in the hands of the indorsee that it would have been subject to had it remained in the hands of the payee; although it is admitted, that if indorsed in the course of commercial transactions it would be otherwise. And it is thereupon further contended, that an indorsement upon a loan of money, or upon a sale for money, stands like an indorsement for a precedent debt.

It is not at all clear that the distinction above suggested is to be sustained upon authority. The case *Rosa* vs. *Brotherson,* 10 *Wend.* 85, cited for the defendant, goes to the full extent of it; but that case is explained, and qualified, in

*Smith* vs. *Van Loan,* 16 *Wend.* 659, where it is held, that " In an action by a *bona fide* holder of a note, obtained before maturity by transfer, the maker cannot set off any demand he had against the payee at the time of the transfer, although the note was accepted by the holder in payment of a precedent debt, unless the note was originally made for the accommodation of the payee, or was satisfied whilst in his hands, and fraudulently put by him into circulation. Even then, the set-off is not allowable if the holder can prove that he received it in the usual course of trade, paid value, parted with property, or gave credit on the faith of the paper at the time of the transfer."

As a matter of principle, the distinction contended for cannot, in our opinion, be supported. The party who takes a negotiable note, by indorsement, *bona fide,* before it is payable, in payment of a precedent debt, and discharges that debt, without notice of any defence existing against the note, has as meritorious a case as he who receives the note in payment for goods sold at the time. 2 *Peters' S. C. Rep.* 170, 182, *Townsley* vs. *Sumrall.* If it be said that the one parts with his property upon the faith of the promise contained in the note which is received in payment for the goods, it may be answered, that the other, giving credit to the note, parts with and discharges an obligation to pay money, which is, in contemplation of law, property of quite as high a character. He cannot, after such payment and discharge, maintain an action upon the debt he has thus discharged, merely because the maker of the note he received in payment might have had some defence against it in the hands of the payee from whom he received it. There is a sufficient consideration. He has parted with a right. Something more is necessary to enable him to recover his debt which he has surrendered. He may be restored to his right to recover the amount of his debt, if the maker avoids the note in his hands by a defence which arose prior to the indorsement. But the holder having thus parted with his

property, on the faith of a promise which the maker had made negotiable, and which bore no marks of dishonor, the question recurs why he has not as good and meritorious a title as he who had parted with merchandize, or incurred responsibilities, upon a similar consideration. If the holder may, upon a failure to recover the note in the one case, be remitted to his original right, and recover his debt against the indorser ; he may in the other recover back his merchandize, or its value, or the money he has paid.

Nor are we aware of any policy which should lead to such a distinction. The payment of a debt is, or ought to be, as much a commercial transaction as a sale of goods, or a loan of money. If it is in the usual course of trade to purchase, it ought also to be in the usual course of trade and commercial dealing to pay.

It might farther be answered, in this case, that the notes were not transferred to the plaintiff in payment of a precedent debt. It appears from the case that the money was loaned by the plaintiff to M. P. Little at the same time that he received the notes.

The plaintiff, however, cannot sustain his objection to the reception of the plea, for another reason. His title to the note is not such as to place him within the principle, that a *bona fide* holder of a note, transferred before it is due, without notice, takes it exempted from defences which might be made to it in the hands of the payee. He is not the purchaser of the note. It is indorsed to him, but only as collateral security. This is not a commercial indorsement, within the principle. It is an indorsement in pledge merely. The general property still remains in the payee. If it is collected, it will pay so much of his debt to the plaintiff. If not, the debt still remains, and the loss is his loss, and not that of the plaintiff. If the payee is insolvent, the plaintiff may be unable to collect his debt, and he may thus lose the amount of this note ; but he will lose it on the debt for which this is a collateral security. If the payee is

solvent, or if the plaintiff can collect his debt of him, the collection of this note would be entirely for the benefit of the payee, and not for the benefit of the plaintiff, notwithstanding the indorsement; and on the payment of the debt due from the payee to the plaintiff, all right of the latter in the note would be at an end. The plaintiff has only a special property in the note, the general property remaining in the payee.

In *Coddington* vs. *Bay, in error*, 20 *Johns. R.* 637, cited and relied on in 10 *Wend.* 86, the notes had been transferred as security merely, for liabilities previously incurred; and it was held that not being received in the usual course of trade, nor for a present consideration, the indorsees were not entitled to hold them against the true owner. Mr. Chancellor Kent, in delivering his opinion in the original case, said, " The notes were not negotiated to them in the usual course of business or trade, nor in payment of any antecedent and existing debt, nor for cash, or property advanced, debt created, or responsibility incurred, on the strength and credit of the notes." 5 *Johns. Ch. R.* 57.

We have already decided, that where a note is thus indorsed in pledge, as a collateral security, the indorsee takes it subject to a right of the maker to set off a demand against the payee, due to himself at the time when he received notice of the indorsement. And this was founded on the principle, that where a note is indorsed as a collateral security, the general property remaining in the indorser, the indorsee takes it like a chose in action not negotiable, subject to all defences to which it would be subject in the hands of the indorser at the time when notice is given of the indorsement. *Jenness* vs. *Bean*, (10 *N. H. Rep.* 266.)

But the plea in this case is insufficient, if received. It states, that the sum of $1000 is included in the notes sued, for forbearance and giving day of payment of the sum of $2255·69; but there is no allegation that the money forborne, and upon which the usury was, by the agreement,

Williams *v*. Little.

to be paid, or any part of it, is included in these notes. Nor is there is any thing in the plea from which that fact can be inferred. It is settled that the deduction can be made only from the money which formed the subject matter of the corrupt agreement, or from the interest of that money, and not from any other debt. 3 *N. H. Rep.* 185, *Gibson* vs. *Stearns.*

Without entering into the consideration of any other objections to the plea, this forms a sufficient reason for its rejection. If the defendant should verify it by his oath, no judgment could be rendered upon it.