The chief justice charged:—
 

 Booth,.
 
 Chief Justice.
 

 Two questions ai*e presented for consideration. 1st. Is this note negotiable? A promissory note is a written promise by one person to another, for the payment of money absolutely nd at all events. To render it negotiable, it must be made payable to ;he payee and to his order, assigns, or to bearer. It must have-negotiable words on its face, showing it to be the intention of the parties o give it a transferable quality.
 

 Where a note is made payable to A. B. as trustee, agent, presi-lent, cashier, manager, &c., it is a mere description of the person. The legal title is in him; he is the only person who can receive the imount, and the only person who can transfer it.
 

 It is a general principle applicable to all negotiable securities, that person shall not dispute the power of another to indorse such an nstrument, where he asserts by the instrument which he issues to he world, that the other has such power. (2
 
 Barn
 
 &
 
 Cress.
 
 293;
 
 Com. Law. Rep.
 
 94.) 2d. Has the maker of this note, under the acts proved in this case, a right to go into the question of fraud, ant of consideration, or failure of consideration, between the origial parties, as against the indorsee, who took the note in payment of n antecedent or pre-existing debt?
 

 There are cases where the question of fraud or want of considera-on may be examined into, in an action by indorsee vs. maker. [Vhere a bill or note has been lost, or fraudulently obtained, or sto-n, the holder who sues, must prove that he came by the instrument on a good consideration.
 

 A want or failure of consideration may be setup, not only between e original parties, but also against the holder, who takes the note-
 
 *388
 
 or bill after it has become due, or with knowledge or notice of fraud or other equitable circumstances entitling the maker to avail himself of the defence. And if the circumstances of the transfer are such as to put him on his guard, he purchases at his peril.
 
 (Chitty App.
 
 798.)
 

 Possession is prima facie evidence of property in negotiable paper payable to bearer or indorsed in blank; and such bona fide holder can recover though it came to him from a person who had stolen it from the true owner, provided he took it innocently in the course of trade, for a valuable consideration, and under circumstances of due caution; and he need not account for it unless suspicion be raised. For it must first be shown that the instrument had got into circulation by force or fraud, before the burden of proof is cast upon the holder, of showing the consideration he gave for it.
 

 Between the original parties, the consideration may always be gone into. The rule equally applies when the indorsee
 
 took
 
 the paper with knowledge or notice of the illegal consideration, or the want or failure of consideration, or any circumstances which would have avoided the note in the hands of the indorser; or when not taken in the course of trade, or after it was due, or under circumstances which ought to have led to an inquiiy.
 
 (Chitty App.
 
 798.)
 

 Negotiable paper can be assigned or transferred by an agent, or any other person fraudulently, so as to bind the true owner as agains the holder, if taken in the usual course of trade, and for a fair anc valuable consideration, without notice of the fraud.
 
 (Bay
 
 vs.
 
 Coddington,
 
 5
 
 Johns. Ch. Rep.
 
 56; 3
 
 Kent's Com.
 
 81.) The defendant’, counsel insists, that as this note was taken by the plaintiff in pay merit of a pre-existing debt, it was not taken in the usual course o trade; and therefore that the consideration may be inquired into, pre cisely as if this were an action by Parrish against Peckard. Thi doctrine, he contends, is sustained by numerous decisions in Nev York, and the cases of
 
 Coddington
 
 vs.
 
 Bay,
 
 20
 
 Johns. Rep.
 
 636, an
 
 Rosa
 
 vs.
 
 Brotherson,
 
 10
 
 Wend. Rep.
 
 85, are cited in the argumen The case of
 
 Coddington
 
 vs.
 
 Bay,
 
 we think does not support the docB trine, nor does the opinion of chancellor Kent; for he seems to admiB that if negotiable paper is transferred before itbecomesdue, in paymerB of an antecedent debt, without notice of fraud, it forms á sufficierB consideration for the transfer, and that the holder cannot be affectel by the fraud or want of consideration between the original partiel
 
 (See
 
 5
 
 Johns. Ch. Rep.
 
 57;
 
 Ch’r. Kent's opinion,
 
 3
 
 Kent's Com.
 
 81 We are unable to perceive any real or substantial difference betweeH
 
 *389
 
 taking negotiable paper in payment of an antecedent or pre-existing debt and a debt arising at the time of the transfer, or receiving and immediately applying the proceeds in payment of such pre-existing debt. It is better for the interests of trade and commerce, and it is the policy of the law, that the circulation of negotiable paper should be free from embarrassment, and that the innocent holder for a valua-re consideration, without notice of fraud or want of consideration, lould not be affected by any equities between the original parties. We, thei’efore, instruct the jury, if it is proved to the'ir satisfac-an that this note was indorsed to the plaintiff before it became due, payment of a pre-existing debt; if he took it innocently and in good ith, without knowledge or notice of fraud or want of consideration Jtween the original parties; and there were no circumstances at-nding the transfer to create suspicion, or put him on his guard; it
 
 as
 
 taken by the plaintiff for a valuable consideration, and in the sual course of trade; and he is; therefore, .entitled to recover in this ;tion: and that fraud, want or failure of consideration between the riginal parties,
 
 cannot
 
 be set up as a defence by the maker.
 

 J. A. Bayard,
 
 for plaintiff
 

 W. Ii. Rogers,
 
 for defendant.
 

 Verdict for plaintiff for $555 75.