RICE & a. *v.* RAITT.

A negotiable note, in the hands of an indorsee, who has taken it as collateral security, is subject to the same defences to which it would have been subject in the hands of the indorser who pledged it.

WRIT OF ENTRY upon a mortgage. The defendant, by an agreement of the parties, suffered default, and upon a hearing in chancery the following facts appeared from the report of an auditor, to whom the accounts were submitted:

James Raitt, the defendant, by his deed, dated the 30th day of June, 1841, conveyed the demanded premises to Samuel P. Allen & Co. in mortgage, to secure the payment of a promissory note for one thousand dollars, dated the same day, signed by Raitt, and payable to said Allen & Co., or order, in thirty days, with interest; and of another promissory note of the like sum, of the same date and tenor, and payable in three months, with interest. On the first of said notes was indorsed, July 22, 1841, the payment of $200, and December 31, 1842, of $666.55; and on the second of said notes was indorsed the payment of $65.48, June 30, 1841. The deed and notes were, on the 25th day of March, 1843, assigned by Allen & Co. to George W. Rice, and on the 20th of April, 1843, the same were assigned by Rice to the plaintiffs. The defendant, by deed dated April 8, 1843, conveyed the same premises to George W. Rice, in mortgage, to secure the payment of a promissory note for $1,000, dated April 8, 1843, signed by the defendant, and payable to George W. Rice, or order, in four months and grace, which deed and note were, on the 21st day of April, 1843, assigned by Rice to the plaintiffs.

The note last mentioned was, on or before the 21st day of April, 1843, indorsed by George W. Rice, and deliv-

ered to the plaintiffs, and the mortgage given to secure the same, was, with the notes and mortgage, given by the defendant to Allen & Co., transferred by George W. Rice to the plaintiffs, for the purpose of being applied in payment of any money said George might have improperly taken from the New-Hampshire Union Bank, while he was cashier thereof, or pay the sureties upon his official bond any money they might have to pay to said bank in consequence of money improperly taken by said George from said bank while he was cashier thereof; and at the time of the transfer of the notes and mortgages said George had taken from said bank between five and six thousand dollars, and was then indebted to the bank therefor. Before the note from the defendant to George W. Rice became due, the sureties upon his official bond paid towards the payment of the money so taken the sum of three thousand dollars ; and they have since paid, for the purpose of closing the same, the further sum of one thousand five hundred dollars. Robert Rice, the plaintiff, was one of the sureties upon the official bond of George W. Rice, as such cashier. At the time when the mortgage of the defendant to Allen & Co. was assigned to George W. Rice, there was due upon the same the sum of four hundred and eight dollars, which sum was the amount paid by George W. Rice for the mortgage.

The note and mortgage from the defendant to George W. Rice, dated April 8, 1843, was given to secure any balance which might be found due to him upon a settlement of the accounts between him and the defendant, and were without any other consideration.

Upon the examination of the accounts the sum of three hundred fifty-two dollars and sixty cents appeared to be due from said Rice to the defendant, exclusive of the amount paid for the mortgage to Allen & Co.

The amount due on the mortgage to Allen & Co. at this date was four hundred seventy-two dollars and thirty-two cents.

If, in the opinion of the court, the amount due on account from George W. Rice to the defendant, at the time of the assignment of the mortgages to the plaintiffs, should be deducted from the amount due on the mortgage to Allen & Co., then there is due from the defendant to the plaintiffs the sum of one hundred nineteen dollars and seventy-two cents.

*Emery*, for the plaintiffs.

*Hackett*, for the defendant.

WOODS, J.   The plaintiffs are holders of sundry notes of the defendant, which were transferred to them by George W. Rice.. Of these, two had been made payable to Allen & Co., and had, before they came to the hands of the plaintiffs, been paid in part; so that there remained due upon them the sum of $472.32. The notes, moreover, had been dishonored long before they had been received by the plaintiffs, and were of course subject to any equitable defence which might have been set up against them in the hands of any previous holder of them after their dishonor.

The other note was for $1,000, and payable to George W. Rice, but indorsed and delivered to the plaintiffs before it became due ; and, had it been taken in the ordinary course of business, would not have been, in the hands of the plaintiff, subject to equities, existing at the time of its transfer, between the maker and the payee.

But all these notes were delivered to the plaintiffs as collateral security.   Whatever might have been received on them was, by the terms on which the plaintiffs from the first held them, for the use of the party who placed the notes in their hands, and to be applied to the payment of a debt which was not diminished by the transfer of the notes, but which existed as well after as before that trans-

Rice v. Raitt.

action. Though in form the notes were the notes of the plaintiffs, and by their possession of them, as indorsees, they alone were entitled to receive the money due on them, they could receive it only as trustees for the indorser, with the privilege of applying the money to pay his debt to them, so far as it might be needed for that purpose.

It has therefore been decided, that negotiable paper so held, is to be regarded as the property of the indorser, so far as to admit of the set-off of a debt due from him to the maker at the time of the indorsement of the paper. *Williams* v. *Little*, 11 N. H. Rep. 66.

Now, at the time that George W. Rice delivered the three notes mentioned in the case to the plaintiffs, the defendant was not owing him the sums of money expressed in their tenor, but had just claims against him ; so that if he himself had brought the action he could have recovered no more than the sum of $119.72.

The plaintiffs, though suing in their own names, in fact sue for the benefit of George W. Rice, as has been shown. Their interest in the suit is owing to the incidental advantage they derive from establishing a fund from which their own indemnity may be obtained. But they have not become the owners of the note, and are not entitled in law to the rights of those who become the holders, in the ordinary sense, of negotiable paper taken for value.

The plaintiffs are entitled, therefore, to judgment for the sum of $119.72, according to the report.

*Conditional judgment for* $119.72.