Rice *v.* Smith.

RICE, Adm'r, *v.* SMITH.

Upon a sale of an equity of redemption on execution, the officer has no authority to convey to any other than to the purchaser, and his deed to one of several joint purchasers is invalid.

WRIT OF ENTRY, in which the demandant counted upon the seizin of John T. Goddard, the intestate, in fee and in mortgage, which mortgage was made by James Smith on the 2d day of December, 1836, to Charles W. Cutter, who afterwards assigned the same to the intestate.

The tenant pleaded that he did not disseize the intestate.

On the trial, the demandant proved a deed from the tenant to Cutter, dated the 2d day of December, 1836, conditioned to pay two notes of $833.33 each, and a draft of $876.27, and that the notes were indorsed and delivered to the intestate.

It appeared by the tenant's evidence that the transfer of the notes to Goddard was only for the purpose of collateral security, and that the consideration for which Cutter received them from the tenant was the sale of the equity of redemption of the demanded premises to him, previously mortgaged for $3,000 to the Granite Bank.

An action had been commenced by Jacob Cutter against Arthur Folsom and William McCullock, upon which the demanded premises were attached as the property of Folsom. No personal service was made on either party, but, after six continuances, judgment was rendered against both, and execution against Folsom alone was levied upon the equity of redemption, which was sold, as appeared by the officer's return, to Charles Cushing, James Shapleigh, and Charles W. Cutter, to which parties, the return also stated, that a deed had been given by the officer; and the return did not state that a deed had been given to Cutter alone.

The tenant then introduced an office-copy of a deed of October 20, 1834, from Larkin, the deputy sheriff, who made the levy, conveying the equity to Cutter, and the deed from Cutter to Samuel Smith, conveying all the right of the grantor to the premises in question, and reciting that the title was derived from Samuel Larkin, deputy sheriff, by deed dated October 20, 1834.

He also introduced a deed from Samuel Smith to the tenant, dated subsequently. He also proved that Cutter, at the time of his conveyance to Samuel Smith, represented that he was the owner of the equity, and that the

title was in him except the mortgage to the Granite Bank, and that his deed and the payment of that mortgage would make a perfect title.

The jury having found for the tenant upon certain issues submitted by the consent of the parties, it was agreed that judgment should be rendered for either party, as the court might order, upon the foregoing case.

*Emery*, for the tenant. No title passed by the deed of Cutter to Smith. The notes therefore were wholly without consideration, and that fact is a perfect defence. 14 Pick. 293; 1 Serg. & Raw. 447; 3 Verm. 162; 11 Johns. 50; 1 Bay 78; 5 Binney 233; 6 Cowen 521; 20 Pick. 110; 24 Maine 294; 4 N. H. Rep. 444; 3 N. H. Rep. 455; 3 N. H. Rep. 522.

If the facts proved are such that the court would set aside the contract for misrepresentation, either through fraud or error, the notes would be regarded as without consideration. 1 Story, Notes 172. Mistake in a material matter will avoid the contract. *Warren* v. *Andrews*, 9 Law Reporter 160; 2 Paige 390.

The deed of Larkin to Cutter passed nothing. The sale was under the statute of 1832, sec. 6, and under N. H. Laws 105–6, and to be good must pursue the statute. 13 Mass. 488; 7 Mass. 103; 8 Greenl. 408; 2 S. & R. 53.

*Christie*, on the same side.

*Hackett*, for the tenant.

Woods, J. The act of July 3, 1822, which makes provision for the sale on execution of the debtor's equity of redemption in real estate, authorizes the officer having the execution to make such sale at public action, and to make, execute, acknowledge and deliver to the highest bidder a good and sufficient deed of any estate so sold, in

manner as in that chapter provided. It then makes effectual all deeds that may be executed in pursuance of the act, saving the debtor's right to redeem the premises within a year from the execution of the deed.

The sixth section of the act requires the officer having the execution on which the equity has been sold, immediately to make, execute and deliver to the purchaser a deed in the form prescribed in the section. N. H. Laws, 105–6.

Nothing can be plainer than that this requisition of law has not been complied with; since the deed, instead of having been made to the purchasers, was made to one of them only. The officer had no estate in the land, and could convey none except in the execution of the power conferred by the statute, and that power he has not executed. He has not conveyed the land to the actual purchasers.

Cutter, of course, conveyed nothing by his deed to Smith, and the notes were consequently without consideration.

An action could not be maintained by Cutter himself upon the notes, neither can the demandant, who would receive the proceeds, if recovered, as the mere trustee of Cutter, to account for upon a debt which Cutter owes the estate administered by the demandant. *Williams* v. *Little*, 11 N. H. Rep. 66.

The same objection that would bar the recovery upon the notes, must prevent his entry upon the land, which is but a collateral security for the payment of them.

*Judgment for the tenant.*