# THE STATE *v.* TAPPAN.

An indictment for perjury, alleged, that the perjury was committed in making oath to a replication to a plea of usury, that the sum of $20, above the legal interest, was not received for the loan of $400. The evidence was, that the respondent delivered to one Sargent, who borrowed the money of him, the sum of $380, and received therefor of him a note for $400.

*Held,* that the unlawful interest was received upon the sum of $380, and not upon the sum of $400, and that the indictment could not be maintained.

INDICTMENT for perjury, alleged to have been committed by the respondent in making oath to a replication to a plea of usury. The indictment alleged, that at the April term, 1843, of the Court of Common Pleas for this county, an action was pending in favor of the respondent, against one Sargent and others, upon a promissory note, dated on the 2d day of May, 1842, for the sum of $400, made by the defendants, and payable to Tappan, and that at said term the defendants pleaded, that there was lawfully due on said note the sum of $400, with interest ; that on the day of the making of the note, it was corruptly agreed between Sargent and Tappan, that Sargent should pay

him the sum of $20 over and above the rate of six pounds in the hundred per annum, for the loan of the said $400 ; and that Sargent did, in pursuance of such corrupt agreement, pay to Tappan, and Tappan did receive of him, the sum of $20, for the purposes aforesaid ; that Tappan filed his replication to the plea, stating therein, that Sargent did not pay, nor did Tappan receive directly, or indirectly, or unlawfully of Sargent or of any other person, the sum of $20, or any other sum, for the loan of said sum of $400, or for the forbearance and giving day of payment thereof, over and above the rate of six per cent. per annum ; nor was any thing received, secured, or taken by said note, more than after that rate, for the forbearance and giving day of payment of said sum of $400. The indictment then alleged, that it became material, whether Sargent paid and Tappan received the sum of $20, or any other sum, for the loan of the $400, over and above the rate of six per cent., and that Tappan corruptly made oath that he did not receive, and that Sargent did not pay the sum of $20, as stated in the plea, or any other sum at any time, for the forbearance of the said sum of $400, at a rate exceeding six per cent.

At the trial, Sargent testified that he applied to the respondent to borrow some money, who told him he had none by him, but thought he could procure it of Mr. Isaac Hubbard, who lived some miles off. Subsequent to this, Sargent wrote a note for $400, procured the others to sign it, and carried it to the respondent, who said it was good, but that he had to pay Hubbard $20, and that Sargent must pay *him* $20 ; that the respondent then went out of his office, and soon came in with some money and gave it to Sargent, who, upon ascertaining that there were $380, delivered the note to the respondent.

The respondent contended, that this evidence did not support the allegations in the indictment.

*Perley*, for the respondent.

The facts stated in the case, do not support the plea filed in the case of *Tappan* v. *Sargent*.

The plea alleges, that $400 were lent, and that the usurious interest was received and paid for the loan of that sum. The evidence is, that $380 were lent, and the note taken for $400. It is not necessary to set out in pleading the particulars of the corrupt agreement; but the sum actually lent and justly due must be correctly stated, because, by the statute, the deduction must be made from that sum. *Gibson* v. *Stearns*, 3 N. H. Rep. 188; *Kimball* v. *Abbott*, 5 N. H. Rep. 395; *Smith* v. *Brush*, 8 Johns. 84. The claim for a deduction is more in the nature of a declaration than of a plea. *Copeland* v. *Jones*, 3 N. H. Rep. 116; *Williams* v. *Little*, 11 N. H. Rep. 66. And in declaring for a penalty, where one sum is lent, and a note taken for a larger sum, to secure usurious interest, it is necessary to state the true sum lent, and that the usurious interest was for the forbearance of that sum. 7 Wentworth's Pl. 314. The case of *Goodall* v. *Stickney*, decided in Grafton county, May term, 1830, was directly to the point, that where a note is taken for a larger sum than is really due, to secure interest above six per cent., a plea alleging that the interest was for the forbearance of the note, is bad on general demurrer. The plea in that case alleged, that there was included in the note declared on, the sum of $117.75 of usurious interest, for the forbearance of the same note; and the plea was held bad on general demurrer, because it alleged that the usurious interest was for the forbearance of the note, instead of stating that it was for the forbearance of the sum lent, it appearing on the face of the plea that the note included the usurious interest agreed to be paid.

The plea alleges, that the sum of $20 of usurious interest was paid for the forbearance of the sum of $400; the replication denies that the sum of $20, or any other sum, was paid as usurious interest for the forbearance of the said sum of $400. The amount forborne is a material allegation of the plea, and must be truly stated, and of course must be proved as stated. If this had been an issue to be tried by a jury, on the facts appearing in the case, it must have been found for the plaintiff. It would be a legal absurdity to say that a fact, held material to be stated on general demurrer, would not be neces-

The State *v.* Tappan.

sary to be proved on trial. The replication was therefore true, and the plea false. The replication does not deny that usurious interest may have been received on some agreement connected with the note. It denies that any such interest was received for the forbearance of $400, as is alleged in the plea, and as the respondent maintains the defendants, to sustain the plea, were bound to prove.

The indictment alleges, that the sum of $20 was paid as usurious interest for the forbearance of $400. The sum lent was but $380. This, on the authorities before cited, is a material variance.

*Sullivan,* Attorney-General, for the State.

GILCHRIST, C. J. A recovery can be had only *secundum allegata et probata,* and this rule is as applicable and as much to be regarded in this case as in any other. In actions *qui tam* upon the statutes against usury, if the plaintiff undertake to set out the usurious contract, he must prove it precisely as laid, or the variance will be fatal. *Musgrove* v. *Gibbs,* 1 Dall. 216. So the day from which the forbearance is to commence is material, and must be truly stated. *Partridge* v. *Coates,* 1 C. & P. 534 ; *Carlisle* v. *Trears,* Cowp. 671 ; *Harris* v. *Hudson,* 4 Esp. 152.

The money and the interest upon it, are alone subject to the forfeiture. *Gibson* v. *Stevens,* 3 N. H. Rep. 185 ; *Williams* v. *Little,* 11 N. H. Rep. 66. This is a sufficient reason why the money, on which the unlawful interest is reserved, should be stated accurately.

The indictment charges the respondent with having falsely sworn, that the sum of $20 was not received for the loan of the $400. The sum lent was $380 ; for Sargent testified that that was the sum he received, and that he thereupon delivered Tappan the note for $400. There was usury in the transaction, doubtless, but it was received upon the sum of $380, and not upon that of $400. The allegation in the indictment is, therefore, unsupported by the proof, and the respondent has not sworn falsely, and the indictment cannot be sustained.