*Addison,*
*January,*
1834.

Gibson
*vs.*
Sumner.

---

MIDDLEBURY, NEW-HAVEN and BRISTOL, *vs.* NATHAN
CASE.

*Addison,*
*January,*
1834.

A note made payable to the selectmen of a town, must be sued in the name of a town.

In an action on a promissory note, no consideration need be proved, unless the note is impeached. The inference is, that it was founded on a good consideration, proceeding from the person to whom it is made payable.

In examining cases from the county court, where the issue was tried by the court, this court can only notice the facts found by them—they never re-examine the testimony, or draw any inference of fact from the testimony—they examine only questions of law, arising on the facts.

Where a number of persons, associated for the purpose of killing wolves, loaned the bounty money received, to an individual, taking a note payable to the selectmen of several towns, *Held* that an action might be brought on such note, in the name of the towns.

This was an action on note, dated 31st May, 1827, for $97, given to the selectmen of said towns.

On a trial on the general issue before the court, it appeared in evidence, that a number of years previous to the year 1819, several individuals residing in said towns, had associated together for the purpose of killing wolves, and that they had killed several wolves, for which they had received the bounty money, and deposited the same in the hands of the defendant, for which, on the 3d day of May, 1819, he gave his note, payable to three individuals, as committee of the association.

It further appeared, that Amos Goodrich, of Middlebury, William Nash, of New-Haven, and John Howden, of Bristol, were, by said associates, subsequently appointed a committee to look up and secure the bounty money; and the two last of said committee, in discharge of their trust,

ADDISON,
January,
1834.

Middlebury, &c.
vs.
Case.

called on the defendant and took the note in suit, in lieu of the first one executed. It did not distinctly appear that the said associates authorized their said committee to take the note payable to said selectmen; nor did it appear that they were dissatisfied with the doings of their said committee. It appeared that Bristol approbated the suit, and there was no evidence that the other towns disapproved the same, which was brought for their benefit.

A witness testified, that before the last note was taken, it was talked over that the money should be put to the use of the towns.

Another witness stated, that the hunters met at his house, where they appointed the committee, and directed them to look up the funds, and put them under the care of the selectmen.

The defendant contended, that the plaintiffs, on the aforesaid evidence, were *not* entitled to recover. The court decided that the plaintiffs *were* entitled to recover; and rendered judgment in their favor for the amount of said note and their costs. To which defendant excepted. Exceptions allowed and certified.

*Joel Doolittle for defendant.*—As the case finds, there is no title in the plaintiffs except what is derived from the committee. But the case shows that the committee had no power to give a title: their delegated power extended only "to look up and secure the money"—not to give it away; and their attempt to do so was void, and vested no title in the plaintiffs.

The plaintiffs never accepted the grant, and are, of course, strangers to the contract.—1 Vt. R. 223, *Middlebury College* vs. *Williamson.*

Two of the committee acted, in the absence of the third. The power delegated was of a private nature, and for a private purpose; and all must act, or the execution of the power is void.—6 John. R. 39, *Green* vs. *Miller.*—1 Bos. & Pul. 236, *Grinley* vs. *Barker.*—Cro. Jac. 399, *Berry* vs. *Penring.*—3 T. R. 592, *The King* vs. *Beeston.*

There was no authority given for a less number than the whole to act.

The grant was not attempted to be made to the towns as trustees: they could not take as trustees, without accept-

ance by record ; nor can the towns become trustees in a case like this : it is not within the scope of their corporate powers : they cannot execute the trust : there is no *cestu-ique trust* who could call the money out of their hands.

They are not liable for costs, in any event, having done nothing to connect themselves with the contract or suit, but are strangers to both : Their interest or title, if any, must appear of record. A town cannot be trustee, as lately decided in Chittenden county.—*Much stronger,* several towns, acting by record only, cannot execute a trust of this nature : it is impracticable.

The court will not render a judgment until they see that it can be carried into execution, so that the fruits of it will go to those entitled to them.

Should the money go to the towns, there is no legal mode of recovering it from them : should it go into the hands of the prosecuting attorney, the towns could not call it out, because they show no title, either as owners or trustees.

The associates, the real owners, have an adequate remedy on the original contract ; but they would be without remedy, should judgment be rendered for the plaintiffs, if that should be a bar to an action on the original contract. There is no mutuality. The whole proceeding is void.

*Linsley & Bradley for plaintiffs.*—1. The note was given for a good consideration, and a suit might be maintained by the plaintiffs, although they had no interest in the note, and were prosecuting it for the benefit of others.—*Bank of Burlington* vs. *Beach,* 1 Aik. 62.—3 Kent. Com. 89.

2. The defendant having, by his contract, recognized the plaintiffs as the persons in interest, and promised to make payment to them, cannot object to their right to sue on the note.

3. It appears that the money for which the note was given, was, by the persons in interest, given to the plaintiffs, and accepted by them.

4. It is no objection that all the persons originally interested in the fund did not attend the meeting at the time the money was given to plaintiffs. Those who did not attend, may be considered as having abandoned any claim they might have had.

*margin notes:* ADDISON, January, 1834. Middlebury, &c. vs. Case.

Addison,
January,
1834.
───────
Middlebury, &c.
vs.
Case.

5. It appears that there never was any intention on the part of the hunters to divide the money, or make any claim to it individually.

6. If this suit cannot be sustained, no action can be maintained against the defendant for the recovery of the money.

The opinion of the court was pronounced by

WILLIAMS, Ch. J.—This is an action on note, given to the selectmen of the several towns, who sue as plaintiffs. By the statute passed in 1817, all actions which are given by law to the selectmen, must be brought in the name of the town.

The person in whom is the legal interest in a contract, must usually bring the action thereon ; and in, promissory notes, the legal interest is in the person to whom they are made payable. In actions also on promissory notes, no consideration need be proved unless they are impeached, by some proof of the want of a consideration ; and in the absence of all other testimony save the note itself, the inference is, that it was founded on a sufficient consideration proceeding from the person who appears on the face of it, as the person to whom it is made payable.

This action, by force of the statute above mentioned, is rightly brought in the name of the plaintiffs. The note purports to be for value received : The inference is, that the consideration proceeded from the plaintiffs, or that it was given to them by those from whom it proceeded—that the defendant has received the value or amount thereof. He must pay it then according to its tenor, unless he has impeached or invalidated it by the facts which he has proved.

In examining this and every other case coming from the county court, where the issue was tried by the court, we can only notice the facts which were found by them, and which by the exceptions appear to have been so found; and unless it appears from those facts that they erred in law in rendering the judgment which they gave, their judgment must be affirmed. It is not sufficient or proper to state the testimony merely, nor do we ever re-examine their opinion on judgment, upon a question of fact.

ADDISON,
January,
1834.

Middlebury, &c.
vs.
Case.

In the present case, it appears that in the year 1819, several persons associated together for the purpose of killing wolves, and as they were entitled to and received a bounty from the state for every wolf killed, the money thus received was deposited with the defendant, who gave his note therefor, in May, 1819, payable to a committee appointed by the associates. It appears that subsequently another committee was appointed to look up and secure the bounty money which had been received; and that two of the committee, on the 31st of May, 1827, took the note on which this suit is brought. The precise nature of the authority given to the committee does not appear, nor are there any facts presented or proved by which it appears, either that the committee were not regularly appointed— that they did not all agree in taking the note in question, or that the associates were dissatisfied with their doings; nor does it appear that the towns to whose selectmen the notes were made payable, ever dissented or disagreed thereto—on the contrary, if it were proper for us to draw an inference of fact, we should say, that every person interested has acquiesced in their proceedings, and very probable the county court drew the same inference.

There are no facts which call upon us to consider the question whether towns, as such, can take as trustees, or who is the *cestui-que-trust*, or what disposition is to be made of the money when collected. The defendant has received the money long since—has executed his note therefor— has never been called on by the original associates, or any one authorized by them, nor have they taken any measures to collect the same. The plaintiffs, for ought that appears, were willing to receive the money; and the defendant was willing they should. There is no reason, therefore, why judgment should not be rendered against him for the amount of the note which he gave.

The judgment of the county court is affirmed.