Franklin,
January,
1838.

Town of Fairfax *v.* I. N. Soule & H. Soule.

On a bond, given to the selectmen of a town, conditioned for the perfor-
mance of a duty for the town, an action may be sustained in the name
of the town.

This was an action of debt. The plaintiffs declared upon a
bond, dated April 12, 1830, given by the defendants to the
plaintiffs, in the penal sum of $200, under a condition, that
if the defendants should build a good and substantial bridge,
of sound timber, &c. across Brown's river, in Fairfax, &c.,
then the obligation to be void, otherwise, of force, and aver-
red a breach of the condition.

The defendants pleaded *non est factum,* and a perfor-
mance of the condition. Issues to the country.

On the trial of of the issues in the county court, the
plaintiffs offered in evidence, a bond executed by the defen-
dants to Hiram Bellows, Joseph Kingsbury and Ira Farns-
worth, selectmen of Fairfax, and their successors in office,
the date, penal sum and condition of which corresponded
with the declaration.

The defendants objected to said bond, and contended that
it did not show a right of action in the plaintiffs, and that
there was a fatal variance between the bond offered and the
declaration, but the court overruled the objection and admit-
ted the bond.

The jury, under the charge of the court, returned a ver-
dict for the plaintiffs, and the defendants excepted.

*S. S. Brown* for defendants.

The act of 1817 does not give the action to the town, It
extends only to cases where the action had been given to the
selectmen by former statutes. Stat. 159.

The statute only enables the towns to sue in cases where
an action accrued to the town officers in virtue of their
office. No action accrued to these officers, as incident to
their office, except such as was given by statute. Previous
to 1817, actions had, by statute, in various cases, been given
to and against the selectmen, and nothing more was intended
by passing the act of 1817, than to give the right of action
in those cases to and against the town.

No action is given at common law to these town officers,
as such. They are the mere servants of the town, and in that

capacity no right of action could vest in them. The statute of 1817, therefore, was intended for such cases only as had been provided for by statutes.

The action, in this case, was founded upon the bond and not upon any statute regulation. The covenant alone gives the right of action, and this can in no way be affected by the act of 1817.

But it may be said that " the town had the legal interest in the bond, and, therefore, the suit should be in the name of the town." Both the law and the fact of this position are denied. The doctrine, that the party having the legal interest should sue, does not apply to specialties. The law is well settled, that the person to whom the bond is given, and not the person for whose benefit it is made, must bring the suit. *Watson* v. *Cambridge*, 15 Mass. R. 290.

The selectmen have no general authority to build bridges. This authority is given, not to the selectmen, but to the town. Stat. 413. § 14.

There is only one case where the selectmen are authorised to build a bridge, and that is, where a bridge is wanting, and twenty or more freeholders apply to have one built. In that case, the selectmen can build a bridge and assess a tax upon the town to defray the expense. But the whole power of the selectmen is given by statute, and they must show that they acted within the scope of their authority. Nothing will be presumed in their favor. The case does not show any authority for the obligees to build the bridge in question, as the agents of the town, and the court will not presume it. Stat. 437.

But there is a fatal variance. The bond should have been set forth according to the terms of it, with an allegation showing that by virtue of the statute, an action had accrued to the town.

*H. R. Beardsley*, and *H. E. Hubbell*, for plaintiffs.

1. The bond shows upon the face of it, that it was executed for the sole benefit of the town, and that the obligees mentioned in the bond had no interest, and acted in no other capacity than as agents for the town.

2. If they acted in no other capacity than as agents for the town, the penalty of the bond, instead of being due to them, is due to the town, and in legal contemplation, payable

directly to the town. The defendants were in effect put under distinct obligation to the town, for the contract must have been made with the town.

It is well settled, that the suit must be brought in the name of the person, in whom is the legal interest. 1 Chitty's Pl. 23. And it is equally well settled, that when a contract is made with one person, as the agent of another, the agent cannot sue, but the suit must be brought in the name of the principal, and this, whether the agent be a public officer or a private agent. *Bissell* v. *Spencer*, 9 Conn. R. 267. *Piggott* v. *Thompson*, 3 B. & P. 147. *Gilmore* v. *Pope*, 5 Mass. R. 491. *Mann* v. *Chandler*, 9 Mass. R. 335. *Town of Arlington* v. *Hind.* Chip. 431. *Hodgson* v. *Dexter*, 1 Cranch, 329. 1 T. R. 172, 674. 2 Conn. R. 338. 1 Root's R. 440.

It is apparent from the bond itself, that the selectmen assumed to act in no other capacity than as agents. If so, the whole legal interest is in the plaintiff and not in the selectmen.

The act of 1817, Stat. p. 159, expressly confines the right of action to the town and settles the question.

The opinion of the Court was delivered by

COLLAMER, J.—Several objections are now urged to the admission of the bond, on the trial in the county court ;—First, that it runs to certain persons, as selectmen, and not to the town. By the statute of 1817, " In all cases, where an ac-" tion is given by law to the town, trustees of schools, se-" lectmen, or overseers of the poor of any town in this state, " the action shall, in all such cases, be brought in the " name of the town, to which such selectmen or overseers be-" long." But it is now insisted that, as at common law the town could sustain no action on this specialty, but it must be by the parties thereto, and not by those beneficially interested, it must still be so, for that the statute only relates to actions given *by law*, and not to those arising on special contracts. The evil which existed, and which was intended to be remedied by that statute, was this ;—there were many actions which were given by statutes to those officers. The officers were subject to annual elections, and frequently, before the action could be determined, the officers were changed, and this occasioned difficulty with the pleadings and

judgments. This difficulty, however, was not confined to actions given by statute. It as often arose in relation to actions on special contracts, such as contracts with the treasurer, or with the selectmen and trustees, in the leasing of the public lands, and reserving and collecting rents, which were equally reached by the statute. Indeed, the expression, " in all cases where an action is *given by law*," covers all possible cases, for no action can be maintained *by contract*. The law gives the action for the breach of the contract. The legal effect, then, of all contracts made with the selectmen, for the benefit of the town, is, that they become contracts with the town. Contracts made by public agents, in that capacity, within their power, bind the public, and not themselves, and such is their legal effect. By parity of reasoning, a contract to one in that capacity is, in legal effect, a contract to the public body. This bond, then, was declared on according to its legal effect.

But it is insisted that it should not have been admitted, because it does not appear by the bond, that the bridge, contracted to be built, was a town bridge. This constituted no objection to the *admission* of the bond. That fact might have been shown by other testimony, which we must now presume was presented, as the record does not profess to set out all the evidence ; and the court always presume all was right, unless the contrary appears by the record.

It is further objected, that even if the town can sustain an action on this bond, still, it must be described in the declaration as running to the selectmen, &c. Matter of description must be certain and exact, matter of averments must be only correct in substance, and according to the legal effect. In this case, the declaration has not attempted to set out the paper, or its tenor. It is an action of debt, on this bond, declared on according to its legal effect, as already explained, and would be a sufficient bar to any other action which could be brought upon it.

Judgment affirmed.