## LEWIS *vs.* WELCH.

If a statute imposes a penalty for the commission of an act, such penalty implies a prohibition of the act.

There is a distinction between statutes which impose a penalty for the purpose of prohibiting a contract, and those where the penalty is imposed for some other purpose than that of making the contract illegal.

The act of July 4, 1838, which imposes a penalty upon any person who shall sell spirituous liquors without license, makes the contract of sale illegal.

The price of spirituous liquors sold without license cannot be recovered in an action.

So far as regards the effect of a statute upon a matter prohibited under a penalty, there is no distinction between *mala prohibita* and *mala in se.*

ASSUMPSIT upon an account annexed to the writ, for goods sold and delivered.

Plea, the general issue, with a set-off.

At a preceding term the action was referred to a referee, who reported that an item in the plaintiff's account was as follows: " To 3 gallons of N. E. rum, $1.50." The rum was sold without the license from the selectmen required by the statute. The defendant objected that the plaintiff could not recover the price of the rum, and the referee reported that if the plaintiff were not entitled to recover the price, the defendant should have judgment for twenty-two cents ; but that if the defendant were bound to pay for the rum, the plaintiff should recover $1.98.

The court ruled that the plaintiff was not entitled to recover, and that judgment should be rendered for the defendant. The plaintiff excepted to this ruling, and the question arising thereon was transferred to this court.

*Forsaith & Metcalf*, for the defendant.

*Edes*, for the plaintiff. We rely on the application of the principles laid down in *Roby* vs. *West*, 4 *N. H. Rep.* 285. Although it is stated in that case that if a penalty be inflict-by a statute, that implies a prohibition, yet the court show, by a reference to other statutes on the same subject, (that of lotteries) that it was the intention of the legislature to prohibit the sale in that instance, and do not rely on that abstract principle alone. Nor has that principle been generally applied to other subjects in this State. Thus with respect to statutes which forbid such things as are not *mala in se*, as in the case of usury, promissory notes affected with usury have never been held void, but the penalty only has been deducted. So, too, by the inspection laws, the sale of numerous articles subjects the seller to a penalty, unless the sale has been in pursuance of the statute. Yet such articles have been extensively sold, and the seller has recovered their price, and has suffered only the penalties given or imposed by the statutes. The principles laid down in *Roby*

vs. *West* have not been applied to such sales, and the courts have not inflicted additional penalties by implication. Penal statutes are to be construed strictly. 1 *Bl. Com.* 88. By the Bill of Rights, *Art.* 37, the different departments of the government are to be kept distinct. To enlarge the penalties of a statute by implication, would be to inflict a penalty not imposed by the legislature. 1 *Bl. Com.* 58. In relation to matters which are merely *mala prohibita*, the legislature submits this alternative to every man, " either abstain from this, or submit to a penalty ;" and when the seller has submitted to the penalty, he has complied with the requisitions of the law. If any penalty beyond the express one could be imposed, no man could know beforehand what penalty the courts would imply.

GILCHRIST, J. The statute applicable to this case was passed on the 4th day of July, 1838, and provides that if any person shall, without license from the selectmen of the town where he resides, sell any spirituous liquors, he shall, on conviction thereof upon an indictment, forfeit and pay a sum not exceeding fifty dollars, &c.

It is contended by the counsel for the plaintiff that there is a distinction between *malum prohibitum* and *malum in se;* between *things* intrinsically and morally wrong, and things which are made so merely by legislation. The inference he would make from this distinction is, that when an act is merely *malum prohibitum*, it may conscientiously be done, provided only the party be willing to incur the penalty. He considers it optional with the party to do or to refrain from doing the act in question, and that the alternative is presented him by the legislature, to abstain from the act, or to do it and pay the penalty. If these premises and this reasoning be correct, the courts, he says, cannot declare the act to be illegal, for that would be the infliction of a penalty beyond that imposed by the statute. But any person who should attempt to put this theory into practice, and to regu-

Lewis v. Welch.

late his conduct by it, would find his path filled with difficulties.   In the first place, he must assume to judge for himself what is right and what is wrong, irrespective of the law.   He must test his obligation to obey the law, by a standard which exists in his own bosom.   His moral sense must be so acute that he would never be in danger of mistaking his duty, and of sacrificing it to considerations of private advantage.   Men differ in their views of right and wrong; the moral sense of one man is more obtuse than that of another.   And just in proportion to its obtuseness will he be liable to overstep the line that separates right from wrong ; and his reasoning may lead him into the commission of a felony when he fancies himself to be merely a trespasser, and that the payment of a fine which the statute might impose in a given case would make the balance even. The subtle casuistry which self-interest teaches us, is a most unsafe guide in questions of morals, and peculiarly so in relation to those things which have been called duties of imperfect obligation, and whose performance might be enforced by penalties.   The law would be extremely unequal in its operation, if its prohibitions were imperative on those only who should choose to be bound by it.   If obedience to the law should depend entirely on the conscience of the individual, all legal restraints would soon be abolished.

There is also another answer to the position of the plaintiff, that the act of selling is not prohibited by implication. This is derived from the intention of the statute.   What was the purpose of the legislature in enacting the law ? Was it to deter persons from selling spirituous liquors without a license ?   If such were not the object, why was a penalty imposed ?   The object certainly was not to raise a revenue from the fees which might be paid the selectmen.   Such an idea is preposterous.   It would be insulting to the legislature to suppose that their object was to increase the funds of the different counties, by the penalties imposed for infractions of the law.   It was not regarded as a matter merely

indifferent, for then no penalty would have been imposed. The sale was certainly not regarded as a praiseworthy act. The purpose was to prohibit it, by as clear a deduction as can be made. The position, then, that the sale was a legal act, is untenable. Being illegal, it cannot give the plaintiff the right to recover. *Allen* vs. *Deming, ante* 133.

In considering cases of this kind, the question must always necessarily arise, whether the statute prohibits the *contract* which is attempted to be enforced. This must be determined, when the prohibition is not in express terms, from a consideration of the purpose which the legislature had in view. Where the purpose is to prohibit an act, there is no power in the court to allow the act to be the foundation of a right to recover, for this would be *jus dare* and not *jus dicere*. It can make no difference whether the act be morally wrong, or only legally wrong. The simple question is, is it prohibited? The objection that a contract is illegal as between the parties, is never very creditable to him who makes it. But it is not out of favor to him that the objection is sustained, but from regard to the law. The advantage he derives from it is altogether accidental. There is a class of cases in which it has been held that where the object of the law is merely to protect the revenue, and not to protect the public, the imposition of a penalty will not amount to a prohibition of the contract. *Holman* vs. *Johnson, Cowp.* 341 ; *Johnson* vs. *Hudson,* 11 *East* 180 ; *Brown* vs. *Duncan,* 10 *B. & C.* 98 ; *Hodgson* vs. *Temple,* 5 *Taunt.* 181 ; *Wetherell* vs. *Jones,* 3 *B. & Ad.* 221. These cases illustrate the distinction between statutes which avoid the contract, and those which merely impose a penalty for some other purpose than that of making the contract illegal.

In accordance with the principles above stated have been the decisions of this court. We have recognized the doctrine that a penalty implies a prohibition. *Roby* vs. *West,* 4 *N. H. Rep.* 287. And also that there is a distinction between statutes, whose object is the protection of the public,

and provisions which are mere revenue regulations.    *Favor*
*vs. Philbrick*, 7 *N. H. Rep.* 340.

*Judgment for the defendant.*