## DOE v. BURNHAM & a.

To defeat the payment of a promissory note on the ground that the consideration was for spirituous liquors sold without license, the defendant must prove not only that the note was given for spirituous liquors, but he must also show that they were sold without license.

The *bona fide* holder of a promissory note, indorsed and transferred before maturity, for a valuable consideration, without notice or knowledge of any illegality in the consideration, takes it free from all defences between prior parties.

Where B. gave a note to O. alleged to have been for spirituous liquors sold without license, payable in six months, and, before its maturity, O. for a valuable consideration indorsed and delivered it to the plaintiff, without notice of the original consideration of the note—*held*, that illegality in the original consideration was no defence to a suit by the innocent indorsee.

ASSUMPSIT, upon a promissory note, dated at Meredith, May 2, 1853, made by the defendants, payable to C. O. Osgood, or order, in six months ; and before its maturity, duly indorsed to the plaintiff for a valuable consideration.

Part of the original consideration of the note was spirituous liquors, sold by said Osgood to the defendants, of which the plaintiff was ignorant at the time he purchased the note.

No evidence was given whether the sale of the spirituous liquors was or was not in violation of the law.

Upon these facts the defendants requested the court to

instruct the jury that the action could not be maintained, which request the court refused, and the defendants excepted. A verdict was returned for the plaintiff, and the defendants moved to set it aside, and for a new trial. And it was ordered that the questions arising in the case be assigned for the determination of the superior court of judicature.

*Bryant*, for the defendants.

A part of the consideration of the note being illegal, the note is void. Story's Prom. Notes §§ 189–92; Chitty on Contracts, 419; *Favor* v. *Philbrick*, 7 N. H. Rep. 326; *Carleton* v. *Whitcher*, 5 N. H. Rep. 196 ; *Meredith* v. *Ladd*, 2 N. H. Rep. 517.

Where a note appears to have been given for an illegal consideration, an indorsee cannot recover. *Brisbane* v. *Lesbyeth*, 1 Bay 113.

A note given to compound a felony is void in the hands of an innocent indorsee. *Bell* v. *Wood*, 1 Bay 249.

An usurious note at common law was void in the hands of an indorsee, for value, without notice.

Notes absolutely void by statute, such as gaming, or usurious, or other notes, will be void in the hands of an innocent indorsee. *Churchill* v. *Suter*, 4 Mass. Rep. 156 ; *Bayley* v. *Taber*, 5 Mass. Rep. 286; *Bridge* v. *Hubbard*, 15 Mass. Rep. 96.

The note in question, we apprehend, stands upon the same ground, and being absolutely void in its strictest sense, is incapable of ratification.

*Herbert*, for the plaintiff.

There was no evidence in the case tending to show that the liquor was sold without license, and in violation of law. And if such was the fact, it was clearly the duty of the defendants to show it. This principle is recognized in *Gassett* v. *Godfrey*, 6 Foster's Rep. 415.

But supposing it had been so; that the liquor was sold without license; it would not make void the note, unless actual fraud had been shown. The regulation of a sale of an article by statute, which requires the seller to comply with certain provisions of the law or a penalty is attached, differs materially from a statute prohibiting the sale of the same. *Wheeler* v. *Russell*, 17 Mass. Rep. 258; 11 East 300.

Thus where the statute gives license upon conditions to do a certain act or sell a certain thing, the sale of the article without a license does not vitiate or make void the sale so as to annul the contract. A pedler is required to get a license. Should he neglect to get it and sell, the contract is legal so far as to make the price collectable. A showman may exhibit without a license, but the money paid could not be recovered back, nor the agreement to pay be avoided. But the rule is different if the statute entirely prohibits the sale, or the doing of an act. The statute prohibits certain business being done on the Sabbath day. So an act thus done, or a note given on that day, has been held void. *Clough* v. *Davis*, 9 N. H. Rep. 500. So certain acts by statute are made criminal and therefore prohibited, and a note given for the purpose of suppressing a criminal prosecution, is void. *Plumer* v. *Smith*, 5 N. H. Rep. 553.

In a case where the statute provided that every person who dealt in tobacco should procure a license under a penalty of $50, and tobacco was sold without license, there being no fraud or deceit, the contract was held good. 11 East 180.

The same doctrine is held to be law in *Favor* v. *Philbrook*, 7 N. H. Rep. 340, and see cases there cited.

But this case has still further merit and legal claims. It has for a long time been the policy of the law to protect bills and notes in the hands of innocent indorsees. This protection is founded in the requisitions of trade in all business transactions; for without this safeguard the public

Doe *v.* Burnham.

would be continually defrauded, and negotiable paper, instead of facilitating mercantile transactions, would only be a lottery or game of chance, which no shrewdness or common skill and sagacity would be able to avoid. And consequently the law would give countenance to fraud, instead of giving credit and safety to this most important department of business. Therefore a note given for a fraudulent consideration is good in the hands of an indorsee without notice of the fraud. *Perkins* v. *Challis*, 1 N. H. Rep. 254.

Where usury was set up as a defence to a note in the hands of an indorsee, it was held that it could not avail; and Chief Justice *Parker* ruled that if a note was fraudulently held and put into circulation, it was no defence to the note when received in due course of trade. *Williams* v. *Little*, 11 N. H. Rep. 66, and cases there cited.

The same doctrine is held in Massachusetts. The court say that a person having the possession of a note, (not dishonored,) although he has no right to it, or lawful authority to collect it, or negotiate it; though he stole it or embezzled it, or held it without law or title, it is no defence in the hands of an indorsee without notice of the facts. *Wheeler* v. *Guild & a.*, 20 Pick. 545.

EASTMAN, J. It has been settled by repeated decisions in this State, that the consideration agreed to be paid for spirituous liquors sold without license and contrary to the statute, cannot be recovered. The sale being prohibited by statute, and the vendor being liable to a criminal prosecution for the selling, the traffic is made illegal and the price cannot be recovered. And it makes no difference whether the action be brought on the original contract or account, or upon a promissory note given for the amount. *Caldwell* v. *Wentworth*, 14 N. H. Rep. 431; *Pray* v. *Burbank*, 10 N. H. Rep. 337; *Lewis* v. *Welch*, 14 N. H. Rep. 294; *Adams* v. *Hackett*, 7 Foster's Rep. 289; *Roby* v. *West*, 4 N. H. Rep. 287; *Coburn* v. *Odell*, 10 Foster's Rep. 540.

Doe *v.* Burnham.

But is the note in the present case liable to this condemnation ? Was it given for spirituous liquors sold without license ? A promissory note imports a consideration, and that presumption is to stand until the contrary is shown. *Horn* v. *Fuller,* 6 N. H. Rep. 511 ; *Schoonmaker* v. *Roosa,* 17 Johns. 301 ; *Middlebury* v. *Case,* 6 Vt. Rep. 165 ; *Mandeville* v. *Welch,* 5 Wheat, 277 ; *Adams* v. *Hackett,* 7 Foster's Rep. 293 ; *Coburn* v. *Odell,* before cited. But the counsel for the defendants takes the ground that, it appearing that the consideration of the note was in part for liquors sold, the court must presume that they were sold without license. Such presumption, however, would be contrary to the general rule, by which the law presumes every man to be innocent until proved to be guilty, and his conduct and acts to be in accordance with the laws of the land until they are shown to be otherwise. It is true that upon an indictment for selling wine and spirituous liquors without license, the government are not required to prove the negative averment that the sale was without license ; and upon the ground that where the subject matter of a negative averment lies peculiarly within the knowledge of the defendant, the averment is taken as true, unless disproved by him. *Rex* v. *Turner,* 5 M. & S. 206 ; *Sheldon* v. *Clarke,* 1 Johns. 513 ; *United States* v. *Hayward,* 2 Gall. 485 ; *Gening* v. *The State,* 1 M'Cord 573 ; *Smith* v. *Jeffries,* 9 Price, 257 ; 1 Greenl. on Ev. § 79. But this exception to the general rule is met by the other rule and presumption already stated, that the consideration of a promissory note is presumed to be good until the contrary is shown. Where a promissory note is given, expressed to be for value received, and the maker would defeat its payment on the ground of want of consideration, he should be required to show that his defence is true, and that the note is false. It is not enough that suspicions only be raised in regard to the consideration ; or ordinary presumptions only ; but the illegality of the consideration should be made manifest, before the note is held to

be void. If the contract to pay the money grew out of matters that may or may not have been legal, the presumption would be, on a note being given for value received, that they were legal; and that presumption should be overcome by something more than the ordinary rule in the burden of proof which we have stated; something more than alleged illegality. The sale of spirituous liquors may be legal or illegal, and where a note is given for the price, the presumption must be that the sale was legal, and that presumption must stand till the contrary appears. The party alleging the illegality should prove it. Were this suit, then, between the payee and maker of the note, we think that sufficient is not shown by the case to sustain the defence. To overcome the presumption of good consideration in the note, it should be made to appear, not only that the note was given for liquors, but for liquors sold without license.

But there is another answer to this defence which is perfect. This note was given on time; and before its maturity it was duly indorsed to the plaintiff, for a valuable consideration, and without notice or knowledge of any illegality in the consideration for which it was given. These facts place the plaintiff upon impregnable ground. There is some difference in the authorities upon the question of the universal application of this rule; some holding that, where a note is indorsed before it is due, in consideration of the discharge of a precedent debt, it is subject to the same equities in the hands of the indorsee that it would be in the hands of the payee. *Rosa* v. *Brotherson*, 10 Wend. 85. But all the authorities agree that where it is indorsed in the usual and ordinary course of commercial business, this exception does not prevail; and they sustain the broad rule that a *bona fide* holder for a valuable consideration, who becomes such before the dishonor of the note, takes it free from all defences between prior parties. *Collins* v. *Martin*, 1 Bos. & Pul. 651; *Cone* v. *Baldwin*, 12 Pick. 545; *Wheeler* v. *Guild*, 20 Pick. 545; *Thurston* v. *McKowen*, 6 Mass. Rep. 428; *Perkins* v.

*Challis,* 1 N. H. Rep. 254; *Williams* v. *Little,* 11 N. H. Rep. 66; *Bullock* v. *Wilcox,* 7 Watts 328; *Sims* v. *Syles,* 1 Hill's S. C. Rep. 39.

In *Collins* v. *Martin, Eyre,* C. J., says, " No want of consideration, or other ground, to impeach the apparent value received, was ever admitted in a case between an acceptor or drawer, and a third person holding the bill for value ; and the rule is so strict that it will be presumed that he does hold for value till the contrary appears; the *onus probandi* lies on the defendant." Again, " for the purpose of rendering bills of exchange negotiable, the right of property in them passes with the bills. Every holder, with the bills, takes the property, and his title is stamped upon the bills themselves. The property and the possession are inseparable. This was necessary to make them negotiable, and in this respect they differ essentially from goods, in which the property and possession may be in different persons."

In *Wheeler* v. *Guild, Shaw,* C. J., after reviewing the authorities, states the rule thus : " Where a party takes a bill transferable by delivery, not overdue nor otherwise apparently dishonored, for a valuable consideration, in the usual course of business, and without notice, actual or constructive, that the holder came by it unlawfully or without title, and has no just right to collect or receive it, the party taking it shall hold it as a valid security, notwithstanding that it has been lost by the true owner, or stolen from him, or taken by the holder as a mere agent to keep, or for other special purpose, without any authority to collect or transfer it." These observations were made and this principle was laid down where the action was upon a promissory note, payable to order, and indorsed by the payee in blank.

We are not aware that in this State there is any exception to the universality of the rule. In *Williams* v. *Little,* 11 N. H. Rep. 66, the point was distinctly settled that if a negotiable note be indorsed *bona fide* before due, in payment of a precedent debt, without notice of any defence, the

Doe *v.* Burnham.

transfer will be as effectual as if it had been received in pay-
ment for goods sold, or in the course of any other commer-
cial dealings. As before suggested, this point is held other-
wise in some cases, but the rule of *Williams* v. *Little,* we
think the correct one, and it is well sustained, not only by
the sound views of the learned chief justice who delivered
the opinion in that case, but by many authorities. *Towns-
ley* v. *Sumrall,* 2 Pet. S. C. Rep. 170, 182; *Dudley* v. *Lit-
tlefield,* 8 Shepl. 418; *Lewis* v. *Hodgdon,* 5 Shepl. 267;
*Hascall* v. *Whitmore,* 1 App. 102; *Bush* v. *Peckard,* 3 Har.
385.

Of course, the rule does not apply to a note indorsed and
transferred in pledge merely, or as collateral security, the
general property remaining in the indorser; for in such case
the indorsee takes it like a chose in action not negotiable.
He is merely trustee for the indorser. This cannot be re-
garded as an exception to the rule, for the payee does not
part with his property in the note; but even in such a case,
should the pledgee pass the note for a valuable considera-
tion, before due, and without notice of the conditions upon
which it was held, the innocent holder would be protected.
*Wheeler* v. *Guild,* 20 Pick. 545. But this note is free from
even that objection, for it appears to have been indorsed in
the ordinary course of business.

But we need not pursue the question further, for we have
no doubt that the exceptions should be overruled, and that
there should be,

*Judgment on the verdict.*